## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN PAUL JONES, III,
               Appellant,

      v.

DEPARTMENT OF HEALTH AND
   HUMAN SERVICES,
               Agency.

DOCKET NUMBER
DE-3330-14-0595-I-1
DE-3330-14-0594-I-1
DE-3330-14-0596-I-1
DE-3330-14-0597-I-1

DATE: APRIL 10, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John Paul Jones, III</u>, Albuquerque, New Mexico, pro se.

<u>Angela M. Atkinson</u>, Kansas City, Missouri, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The appellant, a 5-point (TP) preference-eligible veteran, timely filed four appeals alleging that the agency violated his veterans' preference rights when it failed to select him for any of the GS-12/13 Public Health Advisor positions he applied for under the following Delegated Examining (DE) Vacancy Announcement Nos. HHS-OMH-DE-14-1078209 (MSPB Docket No. DE-3330-14-0594-I-1), HHS-OMH-DE-14-1083087 (MSPB Docket No. DE-3330-14-0595-I-1), HHS-OMH-DE-14-1078251 (MSPB Docket No. DE-3330-14-0596-I-1), HHS-OMH-DE-14-1078325 (MSPB Docket No. DE-3330-14-0597-I-1).  MSPB Docket No. DE-3330-14-0594-I-1, Initial Appeal File (IAF 0594), Tab 1; MSPB Docket No. DE-3330-14-0595-I-1, Initial Appeal File (IAF 0595), Tab 1; MSPB Docket No. DE-3330-14-0596-I-1, Initial Appeal File (IAF 0596), Tab 1; MSPB Docket No. DE-3330-14-0597-I-1, Initial Appeal File (IAF 0597), Tab 1.  The administrative judge joined the appeals for adjudication and found that the Board has jurisdiction over the appeals because the appellant exhausted his administrative remedies before the Department of Labor.  IAF 0595, Tab 8, Tab 16, Initial Decision (ID) at 3.

¶3    The following facts are undisputed unless otherwise noted.  In each of the DE Vacancy Announcements, the agency informed the applicants that the vacancies were being announced concurrently under merit promotion procedures and that applicants must apply separately for each announcement.  IAF 0594, Tab 10 at 4; IAF 0595, Tab 10 at 4; IAF 0596, Tab 9 at 8; IAF 0597, Tab 11 at 4. The agency also informed the applicants that it would use the category rating procedure to rank and select eligible candidates under the DE announcements and to assign qualified candidates to the categories of "Best Qualified," "Well Qualified," and "Qualified."  IAF 0594, Tab 10 at 6; IAF 0595, Tab 10 at 6; IAF 0596, Tab 9 at 10; IAF 0597, Tab 11 at 6.  The agency explained that it would apply veterans' preference by placing preference eligibles at the top of their assigned category and considering them before nonpreference eligibles in that category.  IAF 0596, Tab 9 at 10. The appellant applied only under the DE announcements, and the agency placed him in the "Best Qualified" category with the other preference-eligible veterans on the DE certificates referred to the selecting officials.  ID at 6-7; IAF 0594, Tab 10 at 33, 106; IAF 0595, Tab 10 at 33, 102; IAF 0596, Tab 9 at 44, 116; IAF 0597, Tab 11 at 29, 102.  The agency submitted documentation showing that it filled the vacancies by selecting candidates from the certificates issued under the merit promotion procedures, for which it is undisputed that the appellant did not apply.  ID at 7; IAF 0594, Tab 10 at 51; IAF 0595, Tab 10 at 60; IAF 0596, Tab 9 at 60; IAF 0597, Tab 11 at 50.

¶4    The appellant argued on appeal that the agency violated his veterans' preference rights by not crediting his military experience, by failing to grant him an interview, and by failing to test the applicants fairly.  IAF 0595, Tab 1 at 5. The appellant also speculated that the agency screened him out based on unlawful reasons, such as his age (over 60) and his lack of a personal relationship with the hiring authority.  *Id*.

¶5    The administrative judge issued a close of the record order, finding no genuine dispute of material fact in the appeal, and provided the parties' with the

opportunity to submit additional evidence and argument before the record closed on December 19, 2014. IAF 0595, Tabs 11, 13. The appellant responded by arguing that the agency has a pattern and practice of circumventing rights and provided details from his prior VEOA appeals against the agency concerning vacancy announcements not at issue in this appeal. IAF 0595, Tabs 14-15. The appellant also argued that he is entitled to priority placement ahead of disabled veterans. IAF 0595, Tab 14 at 24. The agency filed a motion to dismiss the appeal, arguing that the appellant's claims must fail as a matter of law because the agency made its selection under the merit promotion process, for which the appellant did not apply. IAF 0595, Tab 12 at 5.

¶6    Without holding the hearing requested by the appellant, the administrative judge found that there was no dispute of material fact and issued an initial decision denying the appellant's request for corrective action under VEOA. ID at 2. In reaching his decision, the administrative judge found that the agency properly assigned the appellant his veterans' preference in the competitive examination process, and that the agency did not violate his veterans' preference rights by making its selections from the certificates issued under the current merit promotion process. ID at 1, 6-7.

¶7    The appellant filed a petition for review asking the Board to remand the appeal for a hearing so that the agency can explain its hiring decision and the administrative judge can examine the merits of the agency's actions. MSPB Docket No. DE-3330-14-0595-I-1, Petition for Review (PFR) File, Tab 1 at 12, Tab 4 at 1. In support of his request, the appellant reasserts the arguments he raised on appeal that the agency has a pattern and practice of circumventing veterans' legal rights, and that the agency should be required to explain its failure to interview and hire him for "at least **38 positions**." PFR File, Tab 1 at 6-9, 12, Tab 4 at 4, 6; IAF 0595, Tab 14 at 23.

¶8    To be entitled to relief under VEOA, the appellant must prove by preponderant evidence that the agency's selection violated one or more of his

statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). VEOA does not guaranteed the preference-eligible appellant a position; the statute only affords him the right to compete for the position. *See Abell v. Department of the Navy*, 92 M.S.P.R. 397, 400-401 (2002), *aff'd*, 343 F.3d 1378 (Fed. Cir. 2003). The Board may decide a VEOA claim on the merits without a hearing when there is no genuine issue of material fact and one party must prevail as a matter of law. *Davis v. Department of Defense*, 105 M.S.P.R. 604, ¶ 12 (2007).

¶9        The appellant has not shown that the agency denied his right to compete under the DE vacancy announcements for which he applied, considering that he does not dispute that the agency placed him in the category of "Best Qualified" preference-eligible candidates on the certificate referred to the selecting officials.[2] IAF 0597, Tab 11 at 5, 12. Moreover, the appellant has not shown that the agency violated his veterans' preference rights by making its selections from the merit promotion certificates issued under the concurrent merit promotion announcements, for which he did not apply. An agency has the discretion to fill a vacant position by any authorized method, and the Board has held that there is nothing preventing an agency from soliciting applications from the public and from merit promotion applicants simultaneously and filing the vacant position from the merit promotion certificate. *See Dean v. Consumer Product Safety Commission*, 108 M.S.P.R. 137, ¶ 11 (2008); *see also Joseph v. Federal Trade Commission*, 505 F.3d 1380, 1384 (Fed. Cir. 2007) (finding that the agency did

_____

[2] Although the appellant argued that he is entitled to priority placement over disabled veterans in the "Best Qualified" category because the Board found in a prior appeal that the agency erroneously identified him as a nonveteran, his argument presents no reason to disturb the initial decision in this appeal. PFR File, Tab 1 at 9; IAF 0595, Tab 1 at 5; *see Jones v. Department of Health & Human Services*, MSPB Docket No. DE-3330-12-0399-I-2, Final Order (Sept. 11, 2014) (nonprecedential order rejecting the appellant's argument in a VEOA appeal that he was entitled to priority consideration based on the Board's decision in *Jones v. Department of Health & Human Services*, 119 M.S.P.R. 355, ¶¶ 12-13, *aff'd*, 544 F. App'x 976 (Fed. Cir. 2013)).

not violate VEOA by conducting "simultaneous parallel procedures under the competitive examination and merit promotion processes to fill the same position" and selecting someone other than the veteran under the merit promotion process).

¶10    The appellant's remaining arguments on review are not dispositive and present no basis for disturbing the initial decision.[3]    We therefore deny the appellant's petition for review.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[3] The appellant also raised claims of age discrimination and prohibited personnel practices.  PFR File, Tab 1 at 8; IAF 0595, Tab 14 at 23.  Because the Board has no jurisdiction under VEOA to adjudicate claims of age discrimination and prohibited personnel practices, and these claims are not otherwise appealable to the Board, the Board cannot consider them in this appeal.  *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005); *see also Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, ¶ 12 (2001).

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:      _____
                    William D. Spencer
                    Clerk of the Board

Washington, D.C.